**JHS** **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Eileen A. Sabel

911 N. Franklin St. Apt 514

Philadelphia PA 19123

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Saint Lazarus Bar

JJG Enterprises Incorporated

Janay M. Green, Brendan Olkus

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**17    2781**

**COMPLAINT**

Jury Trial: ☐ Yes   ☒ No

(check one)

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | | |
|---|---|---|
| | Name | Eileen A. Sabel |
| | Street Address | 911 N. Franklin St. Apt 514 |
| | County, City | Philadelphia, Philadelphia |
| | State & Zip Code | PA 19123 |
| | Telephone Number | 215-925-2219 |

*Rev. 10/2009*

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _Saint Lazarus Bar_

Street Address _102 W. Girard Avenue_

County, City _Philadelphia, Philadelphia_

State & Zip Code _PA    19123_

Defendant No. 2

Name _JJG Enterprises Incorporated_

Street Address _102 West Girard Avenue_

County, City _Philadelphia, Philadelphia_

State & Zip Code _PA    19123_

Defendant No. 3

Name _Janay M. Green_

Street Address _102 West Girard Avenue_

County, City _Philadelphia, Philadelphia_

State & Zip Code _PA    19123_

Defendant No. 4

Name _Brendan Olkus_

Street Address _102 West Girard Avenue_

County, City _Philadelphia, Philadelphia_

State & Zip Code _PA    19123_

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C.  § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*
    Q  Federal Questions    Q  Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _Violations of Americans with Disabilities Act,_ _ADA, 42 U.S.C. 12101_

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

**III.    Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? The Saint Lazarus Bar- 102 W. Girard Ave Phila PA 19123. Eileen A. Subel was denied entrance of 1 step of 6 inches

B.    What date and approximate time did the events giving rise to your claim(s) occur? April 5, 2017 around 2:30 pm

C.    Facts: I went to 'The Saint' with disability advocate Morgan Hugo and asked why there was no ramp. You can get so many more people if you had a ramp. Manager is rood and only spoke to Morgan. At first she was civil but quickly became nasty and biggoted without even asking me why I wanted to go there. (I like pub food) She accused me of being an alcoholic and telling me what rehab to go to. I do not drink much and extremely diabetic. She called me a drunk and troublemaker and liar (When I tried to eat on a previous time, I was called 'retard' by another staff.) She said I was oblivious and only there to get attention When we asked what she was going to do with ADA small business guide and being accessible she said she was going to throw it away. She then became physical and got in both of our faces. She then tore up the info. She was so much in Morgan's face, I was wondering if I needed to call the cops. She accused me of being crazy and being handless. I am in the rehab for head. She said I was only there to cause attention and that they don't have to become ADA accessible because she would have to hire higher security. She made fun of my speech impairment and again asked if I was drunk. She did this by mocking me, not very well though. She made fun of my intellect and said I should get therapy. I told her that she is sorry for me being disabled. I told her one shop is not prudent. You think you're smart and together. She pointed at my [consent to town] and said that she is sorry everyone hates you. She called me a moron. She said I was never allowed back there again, which is not good, because we were on a public sidewalk. She walked a lot cursed and said we were paid protesters. Besides her and myself, Morgan Hugo ILS specialist at Liberty Resources, Inc. was involved. Local store owners and member of the public also saw this happen. The manager's name is Janay Green

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

V.    **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I want an apology and the Saint' to be accessible.
I want to go there and eat The Pub food.

_____
_____
_____
_____
_____
_____
_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _14_ day of _June_____, 20 _17_.

Signature of Plaintiff _____

Mailing Address _911 N. Franklin_____

_Apt 514_____

_Philadelphia PA 19123_

Telephone Number _215  925  2219_____

Fax Number *(if you have one)* _____

E-mail Address _happychair8 @ gmail.com_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also
provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering
this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the
Eastern  District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

**JHS**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

Plaintiff, Eileen A Sabel

        V.

Defendant, Saint Lazarus Bar
JJG Enterprises Incorporated,
Janay M. Green,  Brendan Olkus

In Forma Pauperis

Civil Action No.
17-CV-<u>Pro Se</u>     **1 7     2 7 8 1**

## COMPLAINT

COMES NOW the plaintiff, Eileen A Sabel, appearing pro se, and for a complaint
against the defendant above named, states, alleges, and avers as follows:

## JURISDICTION

1.    This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and
1343.
2.    This action is commenced pursuant to 28 U.S.C. sections 2201 and 2202 and
42 U.S.C., section 1983.

## GENERAL ALLEGATIONS

3.    I, Eileen A. Sabel, the plaintiff, am a citizen of the State of Pennsylvania,
United States of America.
4.    Defendants, Saint Lazarus Bar, JJG Enterprises Incorporated Janay M. Green
and Brendan Olkus (hereby collectively known as Saint Lazarus Bar) run or
own and at all times pertinent to the complaint have owned a commercial
business, a bar, at 102 W. Girard Avenue, Philadelphia PA 19123.
5.    I am an individual with disabilities that cause mobility impairment. I use a
motorized wheelchair for mobility.
6.    I want to eat and drink at Saint Lazarus Bar but the establishment is
inaccessible to persons like me who use wheelchair.
7.    On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42
U.S.C. section 12101, et seq; establishing the most important civil rights law
for persons with disabilities in our country's history.
8.    The Congressional statutory findings include:
   a.    "Some 43,000,000 Americans have one of more physical or mental
   disabilities.
   b.    "Historically, society has tended to isolate and segregate individuals with
   disabilities and despite some improvements, such forms of discrimination
   against individuals with disabilities continue to be a serious and pervasive
   social problem;

c.  "Discrimination against individuals with disabilities persists in such critical areas as …public accommodations;

d.  "Individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural … barriers; [and]

e.  "The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . .To pursue those opportunities for which our free society is justifiably famous . . . "42 U.S.C. section 12101 (a).

9.   Congress went on to state explicitly the purpose of the Americans with Disabilities Act, to be:

a.  "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.  "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c.  "to invoke the sweep of Congressional authority . . .To regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101 (b).

10.  Congress gave commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.

11.  Nevertheless, Saint Lazarus Bar has not eliminated step that prevents me and other persons using wheelchairs from entering, this commercial establishment. See exhibit "A"  Photos of the  inaccessible one –step barrier is attached as Exhibit "B", "C", and "D."

12.  One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. section 12181.

13.  Congress included a "bar" as a public accommodation covered by the Act. 42 U.S.C. section 12181.

14.  Saint Lazarus Bar business is a bar.

15.  As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." See Exhibit E, 42 U.S.C. section 12182 (b) (2) (A) (iv).

16.  The U.S. Department of Justice, in promulgating the federal regulations to implement this Act, defined "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including installing an entrance ramp. "28 C.F.R. section 36.304 (a)- (c).

17.  Other commercial facilities similar to the defendant's have made similar modifications, like what I am asking here. An example of this is Johnny Brenda's, a bar/restaurant that is located 4 blocks from Saint Lazarus Bar at 1201 Frankford Ave. See photograph of exhibit "F."

18.  Defendant could easily make its business accessible but has chosen not to comply with the Americans with Disabilities Act.

19.  To assist businesses with complying with the ADA, Congress has enacted a tax credit for small businesses and a tax deduction for all businesses. See,

2

Section 44 and 190 of the IRS Code. An eligible small business is allowed a tax credit equal to 50% of the amount of the eligible access expenditures between $250 and $10,500 for any tax year. A business that removes architectural barriers e.g., by modifying ramps, grading, entrances, doors and doorways, may receive an annual tax deduction of up to $15,000 each year.

20.     Plaintiff want to eat in the defendant's restaurant.

FIRST CLAIM OF RELIEF

21.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101, et seg., and the federal regulations promulgated pursuant to this Act, 28 C.F.R. 36.304, defendant was to make the commercial facility at 102 W. Girard Avenue, Philadelphia, PA 19123 accessible by January 26, 1992. To date, defendant has not.

22.     By failing to remove the architectural barrier where such removal is readily achievable, defendant discriminates against plaintiffs and violates the Americans with Disabilities Act.

WHEREFORE, the plaintiff, Eileen A Sabel, pray that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

Dated: 6-14-2017

Eileen A Sabel

911 North Franklin Street,

Apt. 514 Phila. Pa. 19123

215-925-2219

PRO SE

3

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

Plaintiff, Eileen A Sabel

V.

Defendant, Saint Lazarus Bar
JJG Enterprises Incorporated,
Janay M. Green,  Brendan Olkus

In Forma Pauperis

Civil Action No.
17-CV-Pro Se

## PRO SE MOTION TO COMMENCE AN ACTION

### WITHOUT PREPAYMENT OF FEES, COSTS OR SECURITY

The plaintiff, Eileen A Sabel, requests leave to commence an action without prepayment
of fees, costs or the necessity of giving security pursuant to 28 U.S.C. 1915, and submits
the accompanying affidavit in support of this motion and states:

1. That the plaintiff is entitled to commence said action against defendant because of
   the violation of Americans with Disabilities Act by defendants.
2. That the plaintiff is unable to prepay fees costs or give security and has no funds
   with which to pay the filing fees.

Dated: _6/14/24 7_

Eileen A Sabel
911 North Franklin Street,   Apt.
514 Phila. Pa. 19123
215-925-2219

4

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff, Eileen A Sabel             In Forma Pauperis

V.                              Civil Action No.
                                  17-CV-<u>Pro Se</u>

Defendant, Saint Lazarus Bar
JJG Enterprises Incorporated,
Janay M. Green,  Brendan Olkus

VERIFICATION IN SUPPORT OF APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES, COSTS OR SECURITY

I understand that false statements herein are made subject to the penalties of 28 U.S.C. section 1746 relating to unworn falsification to authorities.

I, the understand, affirm or being first duly sworn, depose and say that in support of my application to proceed in this action without being required to prepay fees, costs, or give security, state that because of my poverty or fixed income, I am unable to pay the costs of these legal proceedings or to give security. I believe I am entitled to redress for the reasons given:

       The discriminatory activity is that defendant violates the Americans with Disabilities Act by failing to remove a readily achievable architectural barrier.

       I further swear or affirm that the responses which I have made to the questions below relating to my ability to pay the cost of prosecuting this Action and other matters are true:

1. I am single and have no children.
2. I live at 911 North Franklin Street, Apt. 514, Philadelphia. Pa where I rent in the amount of 196.00 per month.
3. I am not employed.
4. My source of income is a widow's pension, in the amount of $637.00 per month.
5. I do not own a car.
6. My cash in the bank or savings and loan associations is $8.50

Date: _6/14/2017_

Eileen A Sabel
911 North Franklin Street,   Apt.
514 Phila. Pa. 19123
215-925-2219

5









*Exhibit E*

Cornell Law School

U.S. Code › Title 42 › Chapter 126 › Subchapter III › § 12182

# 42 U.S. Code § 12182 - Prohibition of discrimination by public accommodations

Current through Pub. L. 114-38. (See Public Laws for the current Congress.)

**(a) GENERAL RULE**
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

**(b) CONSTRUCTION**

**(1) GENERAL PROHIBITION**

**(A) Activities**

**(i) Denial of participation**
It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

**(ii) Participation in unequal benefit**
It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

**(iii) Separate benefit**

It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.

**(iv) Individual or class of individuals**
For purposes of clauses (i) through (iii) of this subparagraph, the term "individual or class of individuals" refers to the clients or customers of the covered public accommodation that enters into the contractual, licensing or other arrangement.

**(B) Integrated settings**
Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

**(C) Opportunity to participate**
Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different.

**(D) Administrative methods** An individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration—

**(i)** that have the effect of discriminating on the basis of disability; or

**(ii)** that perpetuate the discrimination of others who are subject to common administrative control.

**(E) Association**
It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

**(2) SPECIFIC PROHIBITIONS**

**(A) Discrimination** For purposes of subsection (a), discrimination includes—

**(i)** the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

**(ii)** a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

**(iii)** a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

**(iv)** a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

**(v)** where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

**(B) Fixed route system**

**(i) Accessibility**

It shall be considered discrimination for a private entity which operates a fixed route system and which is not subject to section 12184 of this title to purchase or lease a vehicle with a seating capacity in excess of 16 passengers (including the driver) for use on such system, for which

Case 2:17-cv-02781-JHS   Document 3   Filed 06/26/17   Page 18 of 20

a solicitation is made after the 30th day following the effective date of this subparagraph, that is not readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

**(ii) Equivalent service**
If a private entity which operates a fixed route system and which is not subject to section 12184 of this title purchases or leases a vehicle with a seating capacity of 16 passengers or less (including the driver) for use on such system after the effective date of this subparagraph that is not readily accessible to or usable by individuals with disabilities, it shall be considered discrimination for such entity to fail to operate such system so that, when viewed in its entirety, such system ensures a level of service to individuals with disabilities, including individuals who use wheelchairs, equivalent to the level of service provided to individuals without disabilities.

**(C) Demand responsive system** For purposes of subsection (a), discrimination includes—

**(i)** a failure of a private entity which operates a demand responsive system and which is not subject to section 12184 of this title to operate such system so that, when viewed in its entirety, such system ensures a level of service to individuals with disabilities, including individuals who use wheelchairs, equivalent to the level of service provided to individuals without disabilities; and

**(ii)** the purchase or lease by such entity for use on such system of a vehicle with a seating capacity in excess of 16 passengers (including the driver), for which solicitations are made after the 30th day following the effective date of this subparagraph, that is not readily accessible to and usable by individuals with disabilities (including individuals who use wheelchairs) unless such entity can demonstrate that such system, when viewed in its entirety, provides a level of service to individuals with disabilities equivalent to that provided to individuals without disabilities.

**(D) Over-the-road buses**

**(i) Limitation on applicability**
Subparagraphs (B) and (C) do not apply to over-the-road buses.

**(ii) Accessibility requirements**
For purposes of subsection (a), discrimination includes (I) the purchase or lease of an over-the-road bus which does not comply with the regulations issued under section 12186(a)(2) of this title by a private

entity which provides transportation of individuals and which is not primarily engaged in the business of transporting people, and (II) any other failure of such entity to comply with such regulations.

**(3) SPECIFIC CONSTRUCTION**
Nothing in this subchapter shall require an entity to permit an individual to participate in or benefit from the goods, services, facilities, privileges, advantages and accommodations of such entity where such individual poses a direct threat to the health or safety of others. The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services.

(Pub. L. 101–336, title III, § 302, July 26, 1990, 104 Stat. 355.)

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

National Youth Orchestra of the United States of America 7/21

CARNEGIE HALL
GET TICKETS

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

[LII]

Exhibit F



/ Ramp · |